**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4000**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KEVIN LAMONT JACKSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:09-cr-00282-GRA-3)

Submitted:  August 11, 2011          Decided:  September 13, 2011

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Lamont Jackson appeals from the fifty-seven month sentence imposed pursuant to his guilty plea to conspiracy to possess with intent to distribute cocaine base. We previously remanded this case for the district court to address Jackson's arguments for a below-Guidelines sentence and provide individualized reasoning for the sentence imposed. On remand, the court considered the parties' arguments and again imposed a fifty-seven month sentence.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred by failing to apply the Guidelines in effect at the time of resentencing. The Government has declined to file a brief, and Jackson has not filed a pro se supplemental brief. After a careful review of the record, we affirm.

Jackson asserts that the district court erred by not applying the Guidelines in effect at the time of Jackson's resentencing. However, 18 U.S.C. § 3742(g) (2006) explicitly states that, when resentencing after appellate remand, a district court should apply the sentencing guidelines "that were in effect on the date of the previous sentencing of the defendant prior to the appeal." See also United States v.

2

Bordon, 421 F.3d 1202, 1206-07 (11th Cir. 2005). Accordingly, this claim is without merit.

Our review of the record pursuant to Anders reveals no meritorious claims. Accordingly, we affirm Jackson's sentence. This court requires that counsel inform Jackson in writing of his right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED